**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: January 11, 2017
Date Decided: January 12, 2017

Gerald A. Lechliter
44 Harborview Road
Lewes, DE 19958

Daniel F. McAllister, Esquire
Glenn C. Mandalas, Esquire
Baird Mandalas Brockstedt, LLC
6 South State Street
Dover, DE 19901

Re: *Gerald A. Lechliter v. Mayor Theodore W. Becker and Council of the City of Lewes, et al.*, C.A. No. 12358-VCG

Dear Counsel and Col. Lechliter:

This matter is the latest iteration of litigation brought by the Plaintiff, Colonel Gerald A. Lechliter, opposing the use of portions of a former industrial park in Lewes, now owned by the State of Delaware and administered by the Department of Natural Resources and Environmental Control ("DNREC"). This particular action involves a lease of a portion of that property to the City of Lewes, and a sublease (the "Sublease") from Lewes to Lewes Unleashed Association ("Unleashed"), a non-profit which maintains a dog park on the property. The Sublease was entered by Unleashed and Lewes in 2014. At the regularly-scheduled January 11, 2016 City Council meeting (the "Meeting"), the Lewes City Council unanimously voted to approve an amendment to the Sublease to Unleashed, which added a sliver of land to the Sublease in way of an access road, but which otherwise left the Sublease

unmolested.[1]  Col. Lechliter[2] makes three discreet claims in his Complaint.  First, he argues that the notice of the agenda for the Meeting provided by the City did not comply with the Delaware Freedom of Information Act ("FOIA"), because it gave notice that the Meeting was to "consider" an amendment to the Sublease, but did not specifically inform the public that a *vote* might take place based on that consideration.  Second, Lechliter points out that the amendment approved by City Council was reduced to a document signed by the Mayor on behalf of the City entitled "Addendum to Sublease" (the "Addendum") which, after reference to an exhibit showing the area added to the Sublease thereby, provided that "to the extent not inconsistent herewith, all of the other terms and conditions of the [S]ublease are hereby ratified and affirmed."  According to Lechliter, the City Council did not vote on this "ratification" provision, and therefore the Addendum is *ultra vires* as executed.  Third, to the extent the City Council *did* approve the "ratification" in the Addendum, Lechliter argues that the public received inadequate notice that "ratification" would be considered at the Meeting, in violation of FOIA.  As a result

---

[1] The facts herein are taken from Plaintiff's "Amended Complaint/Petition" and from the documents referenced therein or attached thereto.

[2] In a pun-enhanced (according to the taste of the reader) Opening Brief, Counsel for the Defendants, among other dog-eared canine references, compares Col. Lechliter's litigation tactics employed in opposing the dog park to those of an "old dog" who "can't learn new tricks." Col. Lechliter takes umbrage to this reference; but the lighthearted nature of the punny preface to the Defendants' brief indicates, to my mind, that no disrespect was meant.  I note, according to materials that he has published, that Col. Lechliter—before receiving a commission in the Army— was a United States Marine.  Perhaps he could consider the allusion as a complimentary reference to the legendary Devil Dogs.

of these deficiencies, Col. Lechliter seeks a declaratory judgment that the Mayor and City Council of Lewes violated FOIA, and that I "nullify" by injunction both "the January 2016 [City Council's] public meeting motion approving the amendments to the [S]ublease. . . [as well as] the provision in the [A]ddendum ratifying and affirming all other provisions of the [S]ublease."

Resolution of these issues, to me, is straightforward. Such resolution must turn on the purposes for which our Legislature enacted FOIA. That purpose is spelled out at 29 *Del. C.* § 10001:

> It is vital in a democratic society that public business be performed in an open and public manner so that our citizens shall have the opportunity to observe the performance of public officials and to monitor the decisions that are made by such officials in formulating and executing public policy; and further, it is vital that citizens have easy access to public records in order that the society remain free and democratic. Toward these ends, and to further the accountability of government to the citizens of this State, this chapter is adopted, *and shall be construed*.[3]

In other words, the purpose of FOIA is to ensure that public business is done in the open, so that citizens can hold public officials accountable. The purpose of FOIA is *not* to provide a series of hyper-technical requirements that serve as snares for public officials, and frustrate their ability to do the public's business, without adding meaningfully to citizens' rights to monitor that public business. It is in that light that I review the actions of Lewes and its officials here. 29 *Del. C.* § 10004(e) provides

---

[3] 29 *Del. C.* § 10001 (emphasis added).

the specific instruction applicable here concerning notice for public meetings. Subpart two of that statute provides that

> [a]ll public bodies shall give public notice of their regular meetings and of their intent to hold an executive session closed to the public, at least 7 days in advance thereof. The notice shall include the agenda, if such has been determined at the time, and the dates, times and places of such meetings, including whether such meeting will be conducted by video-conferencing; however, the agenda shall be subject to change to include additional items including executive sessions or the deletion of items including executive sessions which arise at the time of the public body's meeting.[4]

It is against this standard that the City's notice must be judged. Any agenda included in the notice should at a minimum "alert members of the public with an intense interest in [the] matter of the [Council's] consideration of it."[5] The notice actually provided to the public is attached as an exhibit to the Complaint.[6] It provides, in part pertinent here, that new business would include "presentation and consideration of amending the land lease between the City of Lewes and Lewes Unleashed to expand the lease to include an access road pending concurrence of DNREC. In addition, consideration of naming the street, to include the cul-de-sac, adjacent to the entrance to the dog park." Col. Lechliter's principal complaint with this notice is that it provides only that the City will "present and consider" an

---

[4] 29 *Del. C.* § 10004(e)(2).
[5] *Ianni v. Dep't of Elections of New Castle Cty.*, 1986 WL 9610, at *4 (Del. Ch. Aug. 29, 1986). *See also* Del. Op. Att'y Gen. 10-IB12 (2010) ("The purpose for posting an agenda for a meeting of a public body is to alert the public so that those interested in an agenda item will know to attend the meeting.").
[6] *See* Compl. Ex. A.

amendment to the Sublease that would expand the areas subleased to Unleashed. In other words, in Col. Lechliter's view, a notice that the Council would "consider" amending the dog park lease to enlarge it is insufficient to put the public on notice that the Council might vote on that amendment. But this would be a hyper-technical application of the notice requirement entirely inconsistent with FOIA, as I read it. Any citizen of Lewes who had an interest in the dog park lease would understand that an amendment expanding that lease was being considered by the City Council at its regular meeting on January 11, 2016. The purpose of that consideration, obviously, was to inform a vote by the City Council either approving or denying such an amendment. The public, including those with an interest in the dog park, had all the notice they required that this subject—of particular interest to them—was under review by the City Council. The notice does not explicitly say that a vote of the City Council would take place, and, of course, such notice would have been impractical; the Council could have considered the issue and undertaken a number of actions, including tabling the matter, as well as voting for or against it. Nothing in FOIA, and importantly nothing in a common-sense reading of the statute in light of its purpose, requires public notice to provide every alternative that may take place with respect to a specific subject under consideration.[7] All that the statute requires

---

[7] *See, e.g.*, Del. Op. Att'y Gen. 06-IB09 (2006) ("FOIA only requires an agenda to include a general statement of the major issues to be discussed. We do not believe that FOIA required the Town to detail in the agenda . . . every possible course of action.").

5

is that adequate notice of the matters to be considered is given to the public, so that interested members will have an opportunity to appear and monitor or participate in the proceedings.

In his Brief in opposition to the Motion to Dismiss, Col. Lechliter makes a contextual argument: that Lewes has in the past given notice that the Council expected to act on, not just consider, a matter disclosed. It is unclear whether Lechliter means to argue that this course of dealing—departed from with respect to the published agenda for the Meeting—would have misled the public into ignoring that meeting despite interest in the Sublease, on the theory that no vote would take place; or whether the past public notices to which he refers constitute an admission that disclosure of an intent to vote in the published agenda is required by law. In any event, the single example cited by Lechliter is inapposite. He cites a prior City Council meeting notice as including on its agenda "[p]resentation and consideration of the dog park initiative, to include the approval of the location and initial design concept for the park." As a matter of English, this simply states that the Council would "consider" approval of features of the dog park, not vote for that approval itself. It suffers from the same supposed "inadequacy" Lechliter points to in the notice of the Meeting, which in fact is no inadequacy at all; Lechliter's reading only reinforces the common-sense interpretation that a council's "consideration" may

lead to a vote. The public notice of the agenda published by the Defendants, in light of the vote taken at the Meeting itself, does not violate FOIA.

Next, Col. Lechliter objects to the language of the Addendum, which is also attached to his Complaint as an exhibit, that effectuates the vote of the City Council.[8] Lechliter argues that the "ratification" clause of the Addendum goes beyond what was voted on by the City Council—and is thus *ultra vires*—or that it was absent from the public notice, and thus in violation of FOIA. The Addendum is brief, it includes an exhibit which shows the expanded Sublease approved by unanimous vote of the City Council, and then provides that "to the extent not inconsistent herewith, all other terms and conditions of the [S]ublease are hereby ratified and affirmed." This language, I find, is consistent with the public notice of the meeting, which informed the interested public that consideration would be given to amending and increasing the extent of the Sublease, *not* to repealing the lease and replacing it. The minutes of the Meeting, attached as an exhibit to the Complaint,[9] are also consistent with the Addendum; the minutes provide at paragraph four that:

> [p]resentation [and] consideration of amending the land lease between the City of Lewes and Lewes Unleashed to expand the lease to include an access road pending concurrence of DNREC. In addition, consideration of naming of the street, to include the cul-de-sac, adjacent to the entrance to the dog park.

---

[8] *See* Compl. Ex. C.
[9] *See* Compl. Ex. B.

*Mayor Becker* stated the development of a dog park has been in process for a long time and is still moving forward. After several months of negotiation with DNREC, [Unleashed] has been able to obtain a lease. Now they need an access road and Council wants to consider making it a part of the existing lease. Also, there is a request for naming the road Canine Court with an address to be 1 Canine Court.

*Councilperson Osler* stated [Unleashed] has done a great job. There are two pieces to this request. They would like to keep the construction access road, instead of the originally planned road, which would amend the lease to include an additional small sliver of land. They would also like to name the road Canine Court and give the dog park the address of 1 Canine Court. She has spoken with DNREC and does not anticipate any problems, but if DNREC should have any issues she requested the motion include a provision that if DNREC has any issues they would be worked out informally.

*Atty. Mandalas* stated once they get DNREC's concurrence, there will be an amendment to the existing lease.

*Janice Erich, 415 E. Cape Shores Drive*. She would like to have a motion to move forward in principle, subject to any issues by DNREC.

*Action: Councilperson Osler made a motion to amend the land lease between the City of Lewes and Lewes Unleashed to expand the lease to include an access road, pending concurrence with DNREC, and name the street, including the cul de sac, Canine Court, with the address to be 1 Canine Court, seconded by Councilperson Reardon all voting in favor, motion carried . . . .*[10]

This action by the Council is consistent with the notice given the public of the agenda for the Meeting. In addition, the notice is consistent with the Addendum as signed

---

[10] Compl. Ex. B at 3 (emphasis in original).

on behalf of the City by Mayor Becker. The Addendum, as an *amendment to*—not a replacement of—the Sublease, simply expands the Sublease slightly in the way approved by the Council and otherwise preserves, by ratification, the remaining provisions of the existing Sublease.[11]

Finally, Col. Lechliter seeks to amend his Complaint to add a Count alleging that the City violated 29 *Del. C.* § 10004(e)(4), which requires "conspicuous posting [of the required public meeting notice] at the principal office of the public body holding the meeting . . . and making a reasonable number of such notices available." Col. Lechliter was served with a Motion to Dismiss and the Opening Brief thereto. Under Court of Chancery Rule 15(aaa), he could thereafter seek to amend his complaint, or could stand on the complaint and oppose the motion.[12] He chose the latter. An amendment alleging a new cause of action is, therefore, unavailable to him.[13]

---

[11] I do not mean to imply that, to be consistent with FOIA, any particular notice of amendment versus repeal and replacement of a City lease would be required for the Council to act; each case must turn on the actual notice given in light of the action taken.

[12] *See* Ct. Ch. R. 15(aaa) ("Notwithstanding subsection (a) of this Rule, a party that wishes to respond to a motion to dismiss under Rules 12(b)(6) or 23.1 by amending its pleading must file an amended complaint, or a motion to amend in conformity with this Rule, no later than the time such party's answering brief in response to either of the foregoing motions is due to be filed.").

[13] Lechliter also argues that he and the City have argued matters outside the allegations of the Complaint, converting this motion to a motion for summary judgment. Nothing outside the Complaint and the exhibits thereto was necessary for me to decide this motion as a matter of law, however.

In considering a motion to dismiss, I assume the truth of the well-pleaded allegations in the Complaint, together with all the reasonable inferences therefrom, in the light least favorable to the movant.[14] Only if, nonetheless, it is not reasonably conceivable that the plaintiff can prevail, may I dismiss the action under Rule 12(b)(6).[15] Here, the Defendants included, on the public notice of the agenda of the Meeting, that the Council would consider the expansion of the dog park Sublease with Unleashed. I find this notice sufficient to comply with the FOIA public notice requirement, as a matter of law; and I find the Addendum effectuating the Council's action, as executed by the City, to be consistent with both the Council's unanimous vote and with the notice of the Council's agenda that was given to the public.

Even if I were to find that the Complaint states facts making it reasonably conceivable that a violation of FOIA has occurred here—a finding I have not made—the relief sought, invalidation of the actions of the Defendants, is a species of equitable relief which would require a balancing of interests, and would only apply if the violation worked a substantial detriment to the public weal. The Plaintiff has not alleged any such damage in his Complaint. "[T]he remedy of invalidation is a serious sanction and ought not to be employed unless substantial public rights have

---

[14] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011).
[15] *Id.*

10

been affected and the circumstances permit the crafting of a specific remedy that protects other legitimate public interests."[16]

For all the reasons above, the Motion to Dismiss of the Mayor, the City Council and the City of Lewes is granted.

IT IS SO ORDERED.

Sincerely,

/s/Sam Glasscock III

Sam Glasscock III

---

[16] *Ianni*, 1986 WL 9610, at *7.